Jose FLORES–CONTRERAS,
Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 03–70855.

Agency No. A77–152–338.

United States Court of Appeals,
Ninth Circuit.

Submitted March 29, 2005.**

Decided April 1, 2005.

Glen A. Prior, Glen Prior, Inc., Fife, WA, for Petitioner.

Regional Counsel, Laguna Niguel, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, James E. Grimes, Mark C. Walters, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, GOODWIN, and GRABER, Circuit Judges.

MEMORANDUM***

Petitioner Jose Flores–Contreras appeals the order of the Board of Immigration Appeals (BIA) denying his motion to reopen proceedings and his request for a stay of voluntary departure. In view of our recent decision in *Azarte v. Ashcroft,* 394 F.3d 1278 (9th Cir.2005), we grant the petition for review.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In an order dated October 30, 2002, the BIA affirmed the order of the immigration judge (IJ), which found Petitioner removable and granted him sixty days to depart voluntarily. The BIA's order affirming the IJ's decision granted Petitioner an additional thirty-day period for voluntary departure. On November 12, 2002, Petitioner filed a motion to reopen asserting that Petitioner's father had become a United States citizen and that a visa became available to Petitioner on November 1, 2002. The BIA denied that motion, without reaching its merits, in an order dated January 23, 2003. The BIA held that Petitioner was statutorily ineligible for the relief sought because he had stayed beyond the sixty-day maximum voluntary departure period available under 8 U.S.C. § 1229c(b)(2). The BIA concluded that, under 8 C.F.R. § 1240.26(f), it was without authority to extend that period or stay the order granting voluntary departure.

Petitioner contends that the BIA abused its discretion in denying his motion to reopen because, pursuant to 8 U.S.C. § 1229a(c)(6), he was entitled to file a motion to reopen "within 90 days of the date of entry of a final order of removal." We recently reconciled the conflict between the sixty-day voluntary departure period under § 1229c(b)(2) and the ninety-day period for filing a motion to reopen under § 1229a(c)(6) in *Azarte*. There, we held "that in cases in which a motion to reopen is filed within the voluntary departure period and a stay of removal or voluntary departure is requested, the voluntary departure period is tolled during the period the BIA is considering the motion." *Azarte*, 394 F.3d at 1289. Accordingly, we granted the petition for review and in-

structed the BIA to consider the motion to reopen on its merits. *Id.*

There is no meaningful distinction between *Azarte* and the present case. Petitioner filed his motion to reopen, and requested a stay of voluntary departure, with seventeen days remaining in the voluntary departure period granted by the BIA. Because the voluntary departure period was tolled by operation of statute while the BIA considered Petitioner's motion, the BIA erred in concluding that Petitioner had overstayed the voluntary departure period. Therefore, the petition for review is granted, and Petitioner's motion to reopen is remanded to the BIA with instructions to consider the motion on its merits.

PETITION GRANTED; REMANDED.